Eastern District of Kentucky
F L E
MAR 24 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 6:22-CR-018-CHB

ANTHONY GERALD,
RACHAEL ANN VANORDEN and
SCOTTIE RAY ABRAMS

* * * * *

THE GRAND JURY CHARGES:

## COUNT 1
## 21 U.S.C. § 846

Beginning on or about February 1, 2020, the exact date unknown, and continuing through on or about November 9, 2021, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

ANTHONY GERALD,
RACHAEL ANN VANORDEN and
SCOTTIE ABRAMS

did conspire together and with others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## COUNT 2
## 21 U.S.C. § 841(a)(1)

On or about July 27, 2021, in Laurel County, in the Eastern District of Kentucky,

## RACHAEL ANN VANORDEN

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 924(c)(1)(A)

On or about July 27, 2021, in Laurel County, in the Eastern District of Kentucky,

## RACHAEL ANN VANORDEN

did knowingly possess a firearm in furtherance of a drug trafficking offense for which she may be prosecuted in a Court of the United States, as set forth in Counts 1 and 2, that is, conspiracy to distribute a mixture or substance containing methamphetamine and possession with the intent to distribute a mixture or substance containing methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 4
## 18 U.S.C. § 922(g)(1)

On or about July 27, 2021, in Laurel County, in the Eastern District of Kentucky,

## RACHAEL ANN VANORDEN,

knowing she had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed two firearms, to wit, a Ruger, Model LCP, .380 caliber pistol bearing serial number 372409985, and a North

American Arms, .22 caliber revolver bearing serial number E207466, and these firearms were in and affecting interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about October 19, 2021, in Laurel County, in the Eastern District of Kentucky,

**SCOTTIE RAY ABRAMS**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 21 U.S.C. § 841(a)(1)

On or about October 20, 2021, in Laurel County, in the Eastern District of Kentucky,

**SCOTTIE RAY ABRAMS**

did knowingly and intentionally distribute a quantity of pills containing alprazolam, a Schedule IV controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
## 18 U.S.C. § 924(c)(1)(A)

On or about October 20, 2021, in Laurel County, in the Eastern District of Kentucky,

**SCOTTIE RAY ABRAMS**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he

may be prosecuted in a Court of the United States, as set forth in Count 6, that is, the distribution of a quantity of pills containing alprazolam, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 8
## 18 U.S.C. § 922(g)(1)

On or about October 19, 2021, in Laurel County, in the Eastern District of Kentucky,

### SCOTTIE RAY ABRAMS,

knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed two firearms, to wit, a Stoger, .45 caliber revolver bearing serial number UL1844, and a Smith & Wesson 9mm pistol bearing serial number HMF2459, and these firearms were in and affecting interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 9
## 21 U.S.C. § 841(a)(1)

On or about November 9, 2021, in Laurel County, in the Eastern District of Kentucky,

### ANTHONY GERALD

did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 10
## 18 U.S.C. § 924(c)(1)(A)

On or about November 9, 2021, in Laurel County, in the Eastern District of Kentucky,

## ANTHONY GERALD

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Counts 1 and 9, that is, conspiracy to distribute a mixture or substance containing methamphetamine and possession with the intent to distribute a mixture or substance containing methamphetamine, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 11
## 21 U.S.C. § 841(a)(1)

On or about November 9, 2021, in Laurel County, in the Eastern District of Kentucky,

## RACHAEL ANN VANORDEN

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

In committing the felony offenses alleged in Counts 3, 4, 7, 8, and 10 of this Indictment, the below-listed firearms and ammunition are subject to forfeiture pursuant to 18 U.S.C. § 924(d).

In committing the offense alleged in Counts 1, 2, 5, 6, 9, and 11 punishable by imprisonment for more than one year, **ANTHONY GERALD, RACHAEL ANN VANORDEN, and SCOTTIE RAY ABRAMS** used and intended to use the below-described property to commit and facilitate the said controlled substance violation and the below described property constitutes and is derived from proceeds obtained directly or indirectly as a result of the commission of the aforesaid violation of 21 U.S.C. §§ 841(a)(1) and 846, including, but not limited to, the following:

### UNITED STATES CURRENCY:

1. $2,132.00 in United States currency seized from Rachel A. Vanorden.

### FIREARMS AND AMMUNITION

1. a Stoger, .45 caliber revolver bearing serial number UL1844;
2. a Smith & Wesson 9mm caliber handgun bearing serial number HMF2459;
3. a CZ, Model P07, 9mm caliber handgun bearing serial number C778396;
4. a Walther, Model P22, .22 caliber handgun bearing serial number WA008799;
5. a Ruger, .380 caliber handgun bearing serial number 372409985;
6. a North American Arms, .22 caliber revolver bearing serial number E207466; and
7. Assorted ammunition.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest the Defendants have in the above-described property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461.

A TRUE BILL

*[signature]*

_____
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

### COUNTS ONE and NINE:

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

> **IF PRIOR SERIOUS DRUG OR VIOLENT FELONY CONVICTION:** not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

### COUNTS TWO and FIVE:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **PRIOR FELONY DRUG CONVICTION:** not more than 30 years imprisonment, nor more than a $2,000,000 fine, and at least 6 years supervised release.

### COUNTS THREE, SEVEN, and TEN:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

### COUNTS FOUR and EIGHT:

Not more than 10 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

### COUNT SIX:

Not more than 5 years imprisonment, not more than a $250,000 fine, and at least 1 year supervised release.

> **PRIOR FELONY DRUG CONVICTION:** not more than 10 years imprisonment, nor more than a $500,000 fine, and at least 2 years supervised release.

## COUNT ELEVEN:

Not less than 5 years nor more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **IF PRIOR SERIOUS DRUG OR VIOLENT FELONY CONVICTION:** not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**PLUS:** Forfeiture of all listed assets.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.